[Cite as *State v. Roark*, 2018-Ohio-3549.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellant,                      :          CASE NO. CA2018-02-019

                                :            O P I N I O N

    - vs -                                          9/4/2018

                                  :

CAMERON ROARK,                                   :

    Defendant-Appellee.                       :


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CR28424


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellant

John D. Smith Co., LPA, John D. Smith, Andrew P. Meier, 140 North Main Street, Suite B, Springboro, Ohio 45066, for defendant-appellee


**PIPER, J.**

    **{¶ 1}** Plaintiff-appellant, the state of Ohio, appeals the decision of the Warren County Court of Common Pleas, which granted an expungement application filed by defendant-appellee, Cameron Roark. For the reasons discussed below, this court reverses the lower court's decision.

    **{¶ 2}** In 2012, Roark entered guilty pleas to count one, fifth-degree felony attempted

assault, a violation of R.C. 2923.02 (attempt) and 2903.13(A) (assault), and count two, second-degree misdemeanor criminal damaging, a violation of R.C. 2909.06(A)(1). The court sentenced Roark to a three-year term of community control sanctions. A section of the court's sentencing entry related to postrelease control indicated that "[t]he Defendant **DID NOT** cause or threaten to cause physical harm to a person."[1] (Emphasis sic.)

{¶ 3} In 2017, Roark moved the court to expunge his criminal record. The state opposed the motion, arguing that the felony attempted assault conviction rendered Roark ineligible for expungement.

{¶ 4} The court issued a decision finding that the attempted assault conviction did not render Roark ineligible because "the prevailing view is that a misdemeanor assault conviction [is] not precluded from expungement * * *. Because this offense is a misdemeanor violation of R.C. [2903.13] by virtue of the attempt, it qualifies as an offense eligible to be sealed."[2] The court found that Roark otherwise qualified for expungement and sealed his record of conviction. The state appeals, raising a single assignment of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO SEAL ROARK'S RECORD OF CONVICTION. ROARK WAS NOT AN ELGIBLE OFFENDER BY VIRTUE OF HIS CONVICTION FOR A FELONY OFFENSE OF VIOLENCE.

{¶ 7} The state argues that the court erred in expunging Roark's record of conviction because the attempted assault conviction was statutorily defined as an "offense of violence," which precluded Roark from expungement eligibility. Roark argues that he was not convicted of an "offense of violence" because the assault was an attempt and the court's judgment

---

1. This language was relevant to whether postrelease control was optional or mandatory in the then existing version of R.C. 2967.28. See former R.C. 2967.28(B) (2012).

2. Neither party disputes that Roark was convicted of felony attempted assault and agree that the court's statement in this regard was error.

entry specifically noted that he did not cause or threaten to cause physical harm to a person.

{¶ 8} "The sealing of a criminal record, also known as expungement, * * * is an 'act of grace created by the state.'" (Citations omitted.) *State v. Boykin*, 138 Ohio St. 3d 97, 2013-Ohio-4582, ¶ 11, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). Considering its nature, expungement should be granted only when all requirements for eligibility are met. *Id.*, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6. If an applicant is not an "eligible offender" under R.C. 2953.31, the trial court lacks jurisdiction to grant the expungement application. *State v. Mullin*, 12th Dist. Clermont No. CA2013-04-033, 2014-Ohio-764, ¶ 8. Whether an applicant is an eligible offender is a question of law that this court reviews de novo. *Id.*

{¶ 9} An eligible offender is: "anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." R.C. 2953.31(A). Roark was convicted of a felony and misdemeanor and thus would meet this threshold requirement for expungement.

{¶ 10} However, R.C. 2953.36 provides a list of offenses that preclude an individual from seeking expungement. Among those are "[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 [riot] of the Revised Code and is not a violation of section 2903.13 [assault], 2917.01 [inciting violence], or 2917.31 [inducing panic] of the Revised Code that is a misdemeanor of the first degree." R.C. 2953.36(A)(3). Stated more simply, first-degree misdemeanor or felony "offenses of violence" disqualify an individual from expungement. But convictions for riot and first-degree misdemeanor assault, inciting violence, or inducing panic do not preclude expungement. Thus, the pertinent question is

whether attempted assault qualifies as an "offense of violence."

{¶ 11} "As used in the Revised Code * * * '[o]ffense of violence' means * * * a violation of section * * * 2903.13 [assault] * * *." R.C. 2901.01(A)(9)(a). "Offense of violence" also means an "attempt to commit * * * any offense under [R.C. 2901.01(A)(9)(a)]." R.C. 2901.01(A)(9)(d). Therefore, attempted assault is an "offense of violence" and because it was a felony conviction, Roark was ineligible to have his record of conviction sealed. The trial court erred in finding that the attempted assault conviction was a misdemeanor and that Roark was eligible for expungement.

{¶ 12} Nonetheless, Roark argues that this court should consider the circumstances underlying his conviction and find that he was not convicted of an "offense of violence" because his conviction was for an *attempted* assault and the sentencing entry language indicated that he did not cause or threaten to cause harm to a person.

{¶ 13} In support of this argument, Roark cites an Ohio Supreme Court case where the court considered underlying facts of the case to determine whether an applicant qualified for expungement. *State v. Simon*, 87 Ohio St.3d 531 (2000). At issue in *Simon* was whether the offender was precluded from expungement for having been convicted of an offense that was subject to a mandatory prison term pursuant to R.C. 2953.36(A)(1). *Id.* at 533. The court examined the record of the case to determine whether the offender was armed with a firearm in the commission of the offense, which would render him ineligible for probation and thus subject to a mandatory prison term. *Id.* at paragraph two of the syllabus. *Simon* is distinguishable as it involved a different subsection of R.C. 2953.36, which, in that case, required an examination of the underlying circumstances to determine if the offender was subject to a mandatory prison term. In this case, no such analysis is necessary because the Revised Code explicitly defines attempted assault as an "offense of violence" and there is no need to go beyond the statute to aid in that determination.

**{¶ 14}** This court further finds that the language used in the sentencing entry concerning postrelease control is an irrelevant consideration. That language, which was included for reasons irrelevant to this matter, does not alter the fact that Roark pled guilty to an "offense of violence" under the Revised Code.

**{¶ 15}** With respect to Roark's argument that the "attempted" aspect of his offense should be considered, the Ohio Supreme Court has squarely rejected this argument. *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶ 14. "The fact that a conviction is for an attempt to commit an offense of violence is irrelevant – R.C. 2901.01(A)(9)(d) provides that '[a] conspiracy or attempt to commit * * * any offense under division (A)(9)(a)' also meets the definition of an 'offense of violence.'" *Id.*

**{¶ 16}** Accordingly, Roark's attempted assault conviction was a felony offense of violence under R.C. 2901.01(A)(9)(a) and (d) and Roark was therefore ineligible to have his record of conviction sealed pursuant to R.C. 2953.36(A)(3). This court is sympathetic to Roark's desire to seal his record. The potentially devastating effects of a felony conviction on a young person are well known. The record reflects Roark's youthful age at the time of his conviction, his remorse, his successful completion of community control sanctions, and his lack of any other criminal record. As much as we may desire a different outcome, as a court of law we must apply the law as written. The expungement law would be improved with less rigidity and more judicial discretion in determining eligibility. But that is a task for the General Assembly.

**{¶ 17}** This court sustains the state's sole assignment of error. The matter is reversed and remanded for further proceedings consistent with this opinion.

RINGLAND, P.J., and M. POWELL, J., concur.